

| | |
|---|---|
| **KAMALA D. HARRIS**<br>*Attorney General* | State of California<br>**DEPARTMENT OF JUSTICE** |

455 GOLDEN GATE AVENUE, SUITE 11000
SAN FRANCISCO, CA 94102-7004

Public: (415) 703-5500
Telephone: (415) 703-5781
Facsimile: (415) 703-5843
E-Mail: Jose.ZelidonZepeda@doj.ca.gov

August 12, 2015

*Via Electronic Filing*
Molly Dwyer
Clerk of Court
United States Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

RE: *J. B. Norsworthy v. J. Beard, et al.*
United States Court of Appeals for the Ninth Circuit, Case No. 15-15712

Dear Ms. Dwyer:

Under Federal Rule of Appellate Procedure 28(j), Defendants bring to this Court's attention its recent decision in *Arce v. Douglas*, No. 13-15657, 2015 WL 4080837 (9th Cir. July 7, 2015), which supports Defendants' argument that the district court erred by essentially granting summary judgment under the guise of a preliminary injunction.

In *Arce*, this Court reversed the district court's sua sponte entry of summary judgment against plaintiffs, which the district court had based solely on the preliminary-injunction record. 2015 WL 4080837, at *4. This Court held that "it is generally inappropriate for a court to issue such a final judgment on the merits of a claim at the preliminary injunction stage, because it is unlikely that the merits of a claim will be fully ventilated at the early stage of a litigation at which a preliminary injunction is normally addressed." *Id.*

Likewise, as Defendants' opening and reply briefs explain, the district court here granted Plaintiff all the relief she sought by issuing a mandatory preliminary injunction requiring prison officials to provide her with sex-reassignment surgery. And it did so on the limited preliminary-injunction record without a "fully ventilated" assessment of the facts. Moreover, the district court went even further than the *Arce* case, by granting Norsworthy all the relief she sought on a *disputed* factual record. If it is improper to grant final relief by way of a preliminary injunction when a party had an inadequate opportunity to demonstrate a dispute of material fact, then it is all the more improper when a party has demonstrated disputes that require determination by a

/ / /

Molly Dwyer, Clerk of Court
August 12, 2015
Page 2

trial or evidentiary hearing. For these reasons, if this Court reaches the merits of the district court's order, it should vacate the district court's preliminary injunction.

                      Sincerely,

                      /s/ *Jose A. Zelidon-Zepeda*
                      JOSE A. ZELIDON-ZEPEDA
                      Deputy Attorney General

        For    KAMALA D. HARRIS
                      Attorney General

cc:     Herman J. Hoying, Morgan Lewis & Bockius LLP

SF2015401239
20761435.doc

# CERTIFICATE OF SERVICE

Case Name:   **Michelle-Lael B. Norsworthy v. J. Beard, et al.**   No.   **15-15712**

I hereby certify that on <u>August 12, 2015</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**Defendants-Appellants' FRAP 28(j) Letter to Ninth Circuit dated August 12, 2015 re** *Arce v. Douglas*.

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>August 12, 2015</u>, at San Francisco, California.

|  |  |
|---|---|
| C. Look | /s/ C. Look |
| Declarant | Signature |

SF2015401239
20771415.doc