

| | |
|---|---|
| **KAMALA D. HARRIS**<br>*Attorney General* | *State of California*<br>**DEPARTMENT OF JUSTICE** |

455 GOLDEN GATE AVENUE, SUITE 11000
SAN FRANCISCO, CA 94102-7004

Public: (415) 703-5500
Telephone: (415) 703-5781
Facsimile: (415) 703-5843
E-Mail: Jose.ZelidonZepeda@doj.ca.gov

August 12, 2015

*Via Electronic Filing*
Molly Dwyer
Clerk of Court
United States Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

RE: *J. B. Norsworthy v. J. Beard, et al.*
<u>United States Court of Appeals for the Ninth Circuit, Case No. 15-15712</u>

Dear Ms. Dwyer:

Defendants respond to Plaintiff-Appellee's Rule 28(j) letter regarding this Court's recent decision in *Rosati v. Igbinoso*, No. 13-15984, 2015 WL 3916977 (9th Cir. June 26, 2015).

In *Rosati*, this Court reversed a district court's screening dismissal of a transgender inmate's civil rights action, which challenged the adequacy of her medical treatment. Given the low standard applicable at screening and the obligation to "construe the pleadings liberally and [] afford the petitioner the benefit of any doubt," this Court determined that the inmate-plaintiff's allegations "plausibly allege[d]" a claim for deliberate indifference to medical needs. 2015 WL 3916977, at *1-2. *Rosati* did not make any factual determinations about the inmate-plaintiff's claims, instead taking her allegations as true.

By contrast, this case concerns a grant of a mandatory preliminary injunction, which involves a higher standard. "When a mandatory preliminary injunction is requested, the district court should deny such relief 'unless the facts and law clearly favor the moving party.'" *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994) (citation omitted); *see also Dahl v. HEM Pharm. Corp.*, 7 F.3d 1399, 1403 (9th Cir. 1993) ("'[M]andatory preliminary relief' is subject to heightened scrutiny and should not be issued unless the facts and law clearly favor the moving party"). Thus, this Court does not defer to Norsworthy's factual allegations, and instead must determine whether the factual record below "clearly favored" her request for a preliminary injunction. Because the record below was mixed at best, the district court erred in granting a mandatory injunction.

Norsworthy contends that *Rosati* supports her claims that California has a "blanket policy" against sex-reassignment surgery, and that prison officials denied her request for surgery

Molly Dwyer, Clerk of Court
August 12, 2015
Page 2

with a pretextual recommendation. But *Rosati* merely cited to the plaintiff's *allegation* of a blanket policy. 2015 WL 3916977, at *2. And as the reply brief explains, the district court's conclusion that there is a blanket policy is unpersuasive, particularly given the high standard applicable in mandatory-injunction cases.

      For these reasons, if this Court reaches the merits of the district court's order, it should reverse the district court's mandatory injunction.

Sincerely,

/s/ *Jose A. Zelidon-Zepeda*
JOSE A. ZELIDON-ZEPEDA
Deputy Attorney General

For   KAMALA D. HARRIS
        Attorney General


cc:   Herman J. Hoying, Morgan Lewis & Bockius LLP

SF2015401239
20761608.doc

# CERTIFICATE OF SERVICE

Case Name:   **Michelle-Lael B. Norsworthy v. J. Beard, et al.**    No.   **15-15712**

I hereby certify that on <u>August 12, 2015</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**Defendants-Appellants' FRAP 28(j) Letter to Ninth Circuit dated August 12, 2015 re** *Rosati v. Igbinoso*.

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>August 12, 2015</u>, at San Francisco, California.

| C. Look | /s/ C. Look |
|---|---|
| Declarant | Signature |

SF2015401239
20771415.doc