15-15712

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**MICHELLE-LAEL B. NORSWORTHY,**

Plaintiff-Appellee,

**v.**

**JEFFREY BEARD, et al.,**

Defendants-Appellants.

On Appeal from the United States District Court
for the Northern District of California
No. C 14-00695 JST (PR)
The Honorable Jon S. Tigar, Judge

**DEFENDANTS-APPELLANTS' REPLY
SUPPORTING MOTION FOR VACATUR
AND REMAND**

KAMALA D. HARRIS
Attorney General of California
JONATHAN L. WOLFF
Senior Assistant Attorney General
THOMAS S. PATTERSON
Supervising Deputy Attorney General
JOSE A. ZELIDON-ZEPEDA
Deputy Attorney General
State Bar No. 227108
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone: (415) 703-5781
 Fax: (415) 703-5843
 Email:  Jose.ZelidonZepeda@doj.ca.gov
*Attorneys for Defendants-Appellants*
*Beard, Spearman, Coffin, Lozano, Adams,*
*Newton, Van Leer, and Zamora*

## ARGUMENT

Ms. Norsworthy's arguments opposing vacatur and remand are not well taken. As an initial matter, she contends that this case should go forward because she has not been "physically released" from prison. (Opp'n at 2.) But as explained in the attached memorandum, Ms. Norsworthy was released from prison today. (*See* Attachement.) The appeal is moot.

Ms. Norsworthy obtained release after providing testimony to convince the Board that she was suitable for parole. Accordingly, the Court should reject her current contention—after receiving that release—that her parole is a litigation tactic. Indeed, she cites no factual or legal basis to support her odd contention, nor can she. State law *requires* that parole be granted unless there is evidence that an individual poses an unreasonable risk to public safety. And here, the Board of Parole Hearings—which is not a party to this lawsuit—granted parole based on Ms. Norsworthy's improved behavior, participation in self-help groups, compliance with rules and regulations, and insight into the impact of her crime.

Finally, Ms. Norsworthy's name-change claim does not warrant further proceedings. Her release from prison effectively moots this claim as well given the changed custodial circumstances. If Mrs. Norsworthy seeks a name change in the future, the decision whether to interpose any objection on the part of CDCR will be made by officials supervising her parole, and there is no basis for

1

speculation concerning what position they might take under whatever circumstances are relevant at the time.

### I. MS. NORSWORTHY CITES NO EVIDENCE THAT HER GRANT OF PAROLE WAS RELATED TO THIS LITIGATION.

Ms. Norsworthy concedes that her release from prison renders her injunctive-relief claim concerning sex-reassignment surgery moot (Opp'n 2), but nonetheless opposes dismissal. She argues that this Court should remand so that the district court can "determine whether the order granting injunctive relief should be vacated and to consider Plaintiff's claim for attorney's fees." (*Id.* at 3.) Neither argument has merit. The Supreme Court has directed that the proper remedy when a case is rendered moot on appeal is vacatur and remand for dismissal. *Camreta v. Greene*, 131 S. Ct. 2026, 2035 (2011). Although Ms. Norsworthy contends that "the appeal was mooted as a result of Defendants' exercise of their discretion to grant Plaintiff parole" (Opp'n 4), her parole hearing transcript and related documents indicate that none of the defendants were involved in any aspect of the parole proceedings, and she cites no contrary evidence.

Moreover, the contention that Ms. Norsworthy received parole as a result of Defendants' "exercise of discretion" mischaracterizes the statutory scheme governing California's parole process. As the California Supreme Court has pointed out, "[t]he governing statutes provide that the Board is the administrative agency within the executive branch that generally is authorized to grant parole and

2

fix release dates." *In re Rosenkrantz*, 29 Cal. 4th 616, 653 (Cal. 2002). "In sum, the governing statute provides that the Board must grant parole unless it determines that public safety requires a lengthier period of incarceration for the individual because of the gravity of the offense underlying the conviction." *Id.* at 654; Cal. Penal Code § 3041(b); *see also* Cal. Code Regs. tit. 15, § 2402(d). The Board's "discretion in parole matters has been described as 'great' and 'almost unlimited.'" *In re Rosenkrantz*, 29 Cal. 4th. at 655 (internal citation omitted).

Consistent with this statutory scheme, Ms. Norsworthy has had numerous parole hearings, both before and after she filed this suit.[1] She was last denied parole on March 6, 2013. (Decl. J. Zelidon-Zepeda Supp. Mot. Vacatur & Remand Ex. 1). Although this denial was for a three-year period, (*Id.*) the Board subsequently advanced Ms. Norsworthy's hearing. (Decl. J. Zelidon-Zepeda Supp. Mot. Vacatur & Remand Ex. 2.) For various reasons, Ms. Norsworthy's parole hearings were postponed several times, including a hearing scheduled shortly before the hearing on her preliminary-injunction motion. (Decl. J. Zelidon-Zepeda Supp. Mot. Vacatur & Remand Ex. 3.) On May 21, 2015, the Board granted

---

[1] Defendants' Motion for Vacatur and Remand erroneously stated that the Board of Parole Hearings advanced Ms. Norsworthy's parole hearing "three months before she filed this suit." (Mot. 1.) In fact, the Board advanced the hearing on June 19, 2014, approximately four months *after* she filed suit but almost one month *before* the district court issued summons of the complaint to Defendants. (CD 13, ER 279.)

parole, and a memorandum directing her release was issued on August 7, 2015, after the Governor took no action to disturb the parole grant. (Decl. J. Zelidon-Zepeda Supp. Mot. Vacatur & Remand Exs. 4, 5.)

As in *Dilley v. Gunn*, the record here reflects that Ms. Norsworthy's parole grant happened in the normal course of her parole proceedings "wholly unrelated to this lawsuit and would have occurred in the absence of this litigation." 64 F.3d 1365, 1372 (9th Cir. 1995). Thus, there is no cause for this Court to remand to the district court to determine whether the preliminary injunction should be vacated.[2]

## II. MS. NORSWORTHY'S NAME-CHANGE CLAIM DOES NOT WARRANT A REMAND FOR FURTHER LITIGATION.

Ms. Norsworthy also argues that her name-change claim warrants further litigation. (Opp'n 5-6 & n.1.) Her claim below was that the warden at her institution unlawfully denied her name change request. (CD 10, ER 263 ¶ 64.) Although the warden acknowledged Ms. Norsworthy's transgender status, he allegedly determined "that it would not be appropriate to approve a name change to the feminine until [Ms. Norsworthy] is determined to meet the criteria to be assigned to an institution for female offenders." (CD 10, ER 264 ¶ 65.) Given Ms.

---

[2] As Defendants point out in the motion for vacatur, the Prison Litigation Reform Act bars Ms. Norsworthy's request for attorney's fees. 42 U.S.C. § 1997e(d)(1)(A). An inmate-plaintiff cannot obtain attorney's fees solely for obtaining a preliminary injunction. *Kimbrough v. California*, 609 F.3d 1027, 1031-32 (9th Cir. 2010) (reversing grant of attorney's fees in preliminary injunction context).

4

Norsworthy's release from prison, that decision no longer has any effect on her. *McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1095 (9th Cir. 2004) (an inmate-plaintiff's release from prison "extinguishes [her] legal interest in an injunction because it would have no effect [on her]."). As a former inmate now on parole, she is free to file a new request to change her name with the Superior Court at any time.

To the extent Ms. Norsworthy claims that she *might* seek a name change following her release, and that parole officials *might* interpose an objection, (Opp'n 5 n.1), that request is not ripe. Ms. Norsworthy has not filed a petition for a name change in a California court, and there is no indication that parole officials would oppose her request. Moreover, whatever grounds might exist for opposing a request, they would not be the same factors that went into the decision challenged in Ms. Norsworthy's current complaint.

## CONCLUSION

For these reasons, this Court should vacate the district court's preliminary injunction and remand with instructions to dismiss the case.

Dated: August 12, 2015			Respectfully Submitted,

K AMALA D. H ARRIS
Attorney General of California
J ONATHAN L. W OLFF
Senior Assistant Attorney General
T HOMAS S. P ATTERSON
Supervising Deputy Attorney General


*/s/ Jose A. Zelidon-Zepeda*
J OSE A. Z ELIDON -Z EPEDA
Deputy Attorney General
*Attorneys for Defendants-Appellants Beard, Spearman, Coffin, Lozano, Adams, Newton, Van Leer, and Zamora*

SF2015401239
20771409.docx

# **ATTACHMENT**

State of California Department of Corrections and Rehabilitation

# Memorandum

Date : August 12, 2015

To : Howard Moseley
Chief Counsel I, C.E.A.

Subject: **INMATE NORSWORTHY D-54100**

This memorandum serves as official notice Mule Creek State Prison released inmate Norsworthy to parole, the morning of Wednesday, August 12, 2015.

If you have any further questions, please contact Public Information Officer, Lieutenant Gonzalez, at (209) 274-4911 extension 5080.

JOE A. LIZARRAGA
Warden
Mule Creek State Prison

° CDC 1617 (3/89)

# CERTIFICATE OF SERVICE

Case Name:   **Michelle-Lael B. Norsworthy v. J. Beard, et al.**   No.   **15-15712**

I hereby certify that on August 12, 2015, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS-APPELLANTS' REPLY SUPPORTING MOTION FOR VACATUR AND REMAND with ATTACHMENT.**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on August 12, 2015, at San Francisco, California.

| C. Look | /s/ C. Look |
|---|---|
| Declarant | Signature |

SF2015401239
20771419.doc